UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIE JACKSON,

                  Plaintiff,

v.

STATE OF NEVADA, et al.,

                  Defendants.

Case No. 3:25-cv-00066-ART-CLB

ORDER

## I. DISCUSSION

Since the Court issued its screening order on May 8, 2025, Plaintiff has filed a motion requesting a mediation date (ECF No. 26), a motion to extend prison copy work limit (ECF No. 34), and 11 documents identified as affidavits, exhibits, or declarations (*see* ECF Nos. 22–24, 28–33, 35–36).

To the extent that Plaintiff is asking for the Court to schedule a mediation date, the Court grants the motion in part, but denies the rest of the motion (ECF No. 26). The Court has many cases it is scheduling mediations for. Plaintiff's case is in line for scheduling. When Plaintiff's case is scheduled for mediation, the Court will notify Plaintiff.

Plaintiff filed a motion to extend his copy work limit because he is at $400 in legal copy fee debt. (ECF No. 34). An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(E), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011).

The Court denies Plaintiff's request to extend his legal copy work limit.

1  This case is in the pre-screening service stage and Plaintiff is at an e-filing institution. It is not necessary at this stage of the litigation for Plaintiff to provide copies. Additionally, as part of e-filing with the prison, the law librarian returns Plaintiff's original documents back to him.

As part of denying Plaintiff's request to extend his legal copy work limit, the Court notes that it is not a repository for Plaintiff to store his exhibits, declarations, and affidavits. This case is in the pre-service screening stage. Thus, it is not time for Plaintiff to submit exhibits, declarations, and affidavits to the Court. When it is procedurally applicable for Plaintiff to submit evidence, the Court will issue an order.

## II. CONCLUSION

It is therefore ordered that the motion to schedule an inmate mediation (ECF No. 26) is granted in part and denied in part. This case is in line for inmate mediation scheduling.

It is further ordered that the motion to extend prison copy work limit (ECF No. 34) is denied.

DATED: June 9, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE