**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| WILLIE JACKSON, | Case No. 3:25-cv-00066-ART-CLB |
| Plaintiff, | **ORDER DENYING EMERGENCY MOTIONS, MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO ACCEPT EXHIBIT** |
| v. | |
| STATE OF NEVADA, *et al.*, | [ECF Nos. 12,15, 56, 57] |
| Defendants. | |

This case involves a civil rights action filed by Plaintiff Willie Jackson ("Jackson") against various defendants for events that took place while Jackson was incarcerated at Ely State Prison ("ESP"). (ECF No. 21.) Currently pending before the Court are several motions filed by Plaintiff. These motions are as follows: (1) emergency motion local Rule II 7-4, (ECF No. 12); (2) emergency motion for order to show cause, (ECF No. 15); (3) motion for appointment of counsel, (ECF No. 56); and (4) motion to accept exhibit. (ECF No. 57.) The Court will address each motion in turn.

**I.    EMERGENCY MOTIONS (ECF Nos. 12, 15)**

Jackson filed two "emergency motions," when read together, appear to request that the Court enter injunctive relief to address what Jackson claims is "life threatening circumstances by the Nevada Department of Corrections staff at Ely State Prison." (*See* ECF Nos. 12, 15.) In these motions, Jackson asserts that the Court should intervene and enter an order to prevent staff at ESP from engaging in various types of alleged "illegal acts of intimidation, threat" and "attempted assaults." (ECF No. 12 at 2.) He specifically requests that the Court "order" ESP staff to provide him with meal trays of unopened food to prevent him from receiving contaminated food trays, a prison transfer, and other injunctive relief, including immediate blood tests. (*Id*. at 10-11.)

The Court construes Jackson's emergency motions, (ECF Nos. 12, 15), as motions for preliminary injunctions related to his conditions of confinement at ESP requesting the

Court enjoin the conduct and actions of the staff at ESP. After the filing of these motions, Jackson was transferred from ESP to High Desert State Prison ("HDSP"). (*See* ECF No. 51, Jackson's Notice of Change of Address from ESP to HDSP). Based on his transfer to HDSP, Defendants argue Jackson's motions are now moot and should be denied. (ECF Nos. 52, 53.) Jackson did not reply to these arguments.

The Ninth Circuit has repeatedly held that "[w]hen an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim [for injunctive relief] is moot." *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)); *see also Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility."); *Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir. 1995) (claims for injunctive relief were rendered moot because inmate was transferred to different prison and failed to demonstrate a "reasonable expectation" that he would be transferred back and subjected to the challenged policy).

Based on the above, the Court agrees with Defendants that Jackson's motions are now moot. There is no dispute that Jackson was transferred from ESP to HSDP after he filed his motions. (ECF No. 51.) Moreover, Jackson failed to file a reply brief in support of his motions or otherwise demonstrate that there is a "reasonable expectation" that he would be transferred back to ESP and thus be subject to the same conduct in the future. As such, the Court cannot grant any relief to Jackson at this time and his motions, (ECF Nos. 12, 15), must be **DENIED as MOOT**.

## II.    MOTION APPOINTMENT OF COUNSEL (ECF No. 56)

The Court now turns to Jackson's motion for appointment of counsel. (ECF No. 56.) There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford

counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc). While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate: (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

In this instance, Jackson's motion for appointment of counsel is a two-page form titled "ex parte motion for appointment of counsel" that is intended for use in cases involving Petitions for Writs of Habeas Corpus – not civil rights cases proceeding under 42 U.S.C. § 1983. (*See* ECF No. 56 at 1-2.) The motion is simply pre-typed language that states, without any support, that "Petitioner alleges this case are complex and that the petitioner is unable to adequately present his claims without the assistance of counsel." (*Id.*) As this pre-printed form is for use in habeas proceedings, it fails to address the standards required for appointment of counsel in an inmate civil rights case. Therefore, Jackson has failed to establish that he is likely to succeed on the merits of his claim or that he is unable to articulate his claims due to their complexity. To the contrary, to date, Jackson has been able to articulate his claims in this case and he does not appear to have any difficulties litigating this case that are any more significant than other incarcerated person proceeding *pro se*. Therefore, because Jackson has not

1  demonstrated exceptional circumstances exist in this case, Jackson's motion for

2  appointment of counsel, (ECF No. 56), must also be **DENIED.**

3  **III.    MOTION TO ACCEPT EXHIBIT**

4          Finally, Jackson filed a "motion to accept exhibit of legal mail Ely refused to send."

5  (ECF No. 57.) In the motion, Jackson claims that he is submitting the motion for an

6  "emergency habeas corpus as an exhibit due to Ely refusing to send it to the D.O.J.,

7  Nevada Attorney General, ACLU, Clerk of Court, for the judicial court." (*Id*. at 1.) The

8  "exhibit" is a 77-page document that appears to be a "Petition for a Writ of Habeas

9  Corpus" seeking post-conviction relief. (*Id*. at 2-77.)

10         It is unclear why Jackson is attempting to file this document in this case or what, if

11  any filing, this "exhibit" relates to. However, to the extent he is attempting to initiate a new

12  habeas corpus action, the document must be filed in a new case in the appropriate court

13  – not simply as an "exhibit" in this case. In addition, the District of Nevada's General Order

14  2021-05 expressly states that "exhibits that are not filed in support of a motion, a response

15  to a motion, or a reply to a motion may **not** be filed." GO 2021-05 at 5.

16         Moreover, the filing of this document violates the stay imposed in this case. On

17  May 8, 2025, the Court entered a screening order in this case permitting this case to

18  proceed certain claims against various defendants. (ECF No. 21.) In that order, the Court

19  expressly stayed this case for 90 days. (*Id*. at 23.) The Court ordered that during the 90-

20  day stay, "no other pleadings or papers may be filed in this case." (*Id*.) Plaintiff

21  impermissibly filed this motion after the stay was entered, in violation of the Court's order.

22  (ECF No. 57.) For all these reasons, Jackson's motion to accept exhibit, (ECF No. 57), is

23  **DENIED**.

24         While the Court understands Jackson is proceeding *pro se* and may be unfamiliar

25  with the processes of litigating a case, Jackson has filed a multitude of improper motions,

26  declarations, exhibits, and notices in this case. The Court has been patient with Jackson,

27  however, he is cautioned and reminded that all litigants, whether appearing *pro se* or

28  represented by an attorney, are required to follow the Federal Rules of Civil Procedure,

the Local Rules of this District, and the Court's orders. *See, e.g.*, *Briones v. Rivera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules"); *King Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants"), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Jackson is reminded to read and review the Court's orders closely before filing any additional motions in the future. Moreover, Jackson is reminded that he is not permitted to file exhibits, declarations or notices that are not permitted under General Order 2021-05. Thus, Jackson is advised that the Court may strike without notice any additional motions or documents he files in violation of the stay in this case or the Court's rules or orders.

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Jackson's emergency motions, (ECF Nos. 12, 15), are **DENIED as moot.**

IT IS FURTHER ORDERED that Jackson's motion for appointment of counsel, (ECF No. 56), is **DENIED**.

IT IS FURTHER ORDERED that Jackson's motion to accept exhibit, (ECF No. 57), is **DENIED**.

DATED: September 4, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**